[Crim. No. 30.    Second Appellate District.—April 30, 1906.]

Application of EDWARD MUNDELL for Writ of Habeas Corpus.

HABEAS CORPUS—COMMITMENT OF DEPENDENT CHILD WITHOUT JURISDICTION—INSUFFICIENT PETITION IN JUVENILE COURT.—A superior court, sitting in special session as a juvenile court, under the act of February 20, 1903, acted without jurisdiction in committing a female child fifteen years of age to special custody, under an insufficient petition, merely alleging that the child was dependent under said act in this, "that said child is without proper guardianship, and her home is an unfit place for said child," without alleging any acts "of neglect, cruelty or depravity," on the part of the parents, guardian or other person in whose care it may be. The father of said child is entitled to its release from such custody upon *habeas corpus.*

APPLICATION for writ of *habeas corpus* to a probation officer appointed by the Juvenile Court of Los Angeles County which awarded to him the custody of a minor child of applicant's.

The facts are stated in the opinion of the court.

Hester & Ladd, for Petitioner.

D. Allen, Deputy District Attorney, and J. C. Rossiter, for Respondent.

ALLEN, J.—Petitioner, the father of a female child, alleges that she is restrained of her liberty by one Dodds, which restraint is unlawful in that the child is so restrained under an order of the superior court of Los Angeles county, sitting

in special session as a juvenile court under the law of the state relating to dependent children, that such child is not a dependent child under such act.

The return of Dodds shows that, upon the filing of a petition in which it was alleged that said child was of the age of fifteen years, and was a dependent child under the act approved February 26, 1903, in this, "that the said child is without proper guardianship and her home is an unfit place for such child," a warrant was issued and subsequently, upon the hearing, the court found said child to be under the age of sixteen years, and accordingly ordered the child into the custody of the respondent, as probation officer, to be by him placed in the Home of the Good Shepherd for six months, or until further order of the court; that under such order, and not otherwise, was he restraining such child of her liberty.

The act of the legislature before mentioned provides that "the words 'dependent child' shall mean any child under the age of sixteen years . . . found wandering and not having any home or any settled place of abode, or proper guardianship, or visible means of subsistence; . . . or whose home, by reason of neglect, cruelty, or depravity on the part of its parents, guardian, or other person in whose care it may be, is an unfit place for such child." The affidavit upon which the proceedings and order were based is insufficient to confer jurisdiction upon the superior court. Section 3 of the act requires that the petition shall contain a statement of the facts constituting such dependency and shall be verified. The fact that the child was without guardianship is only material under the act as applied to one found wandering. The statement that her home is an unfit place for such child is not supported by any other statement of neglect, cruelty or depravity on the part of the person in whose care it was. The petitioner's affidavit being insufficient to confer jurisdiction, the order of the court is no justification upon the part of the respondent.

The child, Nellie Mundell, is discharged from the custody of the probation officer, and those in whose charge she has been placed by the said order of the superior court are directed to release her.

Smith, J., and Gray, P. J., concurred.