[Crim. No. 110.   Third Appellate District.—October 22, 1909.]

In the Matter of the Application of AUSTIN LEWIS for a Writ of Habeas Corpus for one JOHN R. ROBINSON.

HABEAS CORPUS—LEGALITY OF COMMITMENT OF INSANE PERSON TO STATE HOSPITAL—COLLATERAL ATTACK—PRESUMPTION OF REGULARITY.—Upon an application for a writ of *habeas corpus* to test the legality of the commitment of a person adjudged insane to the state hospital, the attack upon the commitment is collateral, and where the commitment shows upon its face that all of the statutory requirements essential to a legal arrest, hearing and commitment were observed, and it cannot be said from the commitment that the alleged insane person was not given a reasonable opportunity to produce witnesses on his behalf, it must be presumed upon such collateral attack that the proceedings were regular in all respects, and the insane person cannot be discharged from custody for any presumed illegality in the proceedings.

ID.—DETERMINATION OF "REASONABLE OPPORTUNITY" COMMITTED TO SOUND DISCRETION OF COURT.—The determination of what is a "reasonable opportunity" to produce witnesses is committed by the statute to the sound discretion of the court, to be exercised in view

of the surrounding circumstances of each particular case, and where it does not appear on the face of the proceedings that such discretion has been abused, the judgment of the court cannot be disturbed for the alleged reason that the person adjudged insane has not been given such "reasonable opportunity" to produce his witnesses and cause them to be examined.

APPLICATION for writ of *habeas corpus* to secure a release from the State Hospital for the Insane at Napa.

The facts are stated in the opinion of the court.

Austin Lewis, for Petitioner.

R. L. Beardsly, G. M. Reynes, and Frank M. Silva, for Respondent.

HART, J.—On the twenty-sixth day of February, 1909, John R. Robinson was adjudged insane by the judge of the superior court in and for the county of Solano and ordered committed to the State Hospital for the Insane at Napa. Said Robinson has ever since been and is now detained in said hospital under said commitment, and it is now claimed by the petitioner, on behalf of said Robinson, that said insane patient is illegally restrained of his liberty for the alleged reason that the court by which he was committed never acquired jurisdiction to hear and determine the charge of insanity preferred against him. The only point urged by the petitioner in support of his claim is that Robinson was not, prior to the trial resulting in his commitment to the hospital, accorded by the court the opportunity to prepare himself to meet and resist the charge to which he was entitled under the law.

The commitment upon which the authorities of the state hospital detain Robinson shows that a verified complaint in due form was, on the 25th of February, 1909, filed in the justice's court of Suisun township, Solano county, charging Robinson with being insane, and that a warrant was thereupon issued and, on said twenty-fifth day of February, placed in the hands of the sheriff of the county for execution; that on the same day the sheriff arrested Robinson and immediately took him before the judge of the superior court. On the following day—February 26th—Robinson

was brought before the judge for examination as to his sanity. The judgment and commitment recite that the alleged insane patient was informed by the judge of the charge against him, of his right to make a defense to such charge, of his right to be represented by counsel, to produce witnesses on his behalf and to have subpoenas issued to compel the attendance of witnesses, and that he was further informed that, "if at such hearing and examination he should be ordered committed, he might, within five days after the making of such order of commitment, demand that the question of his sanity be tried by a jury before said superior court." It further appears from the commitment that, upon placing Robinson under arrest, the sheriff delivered to him, personally, a copy of the warrant of arrest, together with a copy of the affidavit of insanity.

It will thus be seen that the commitment upon its face discloses that all the statutory requirements essential to a legal arrest, hearing and commitment were observed, and that the court acquired jurisdiction to hear and determine the question of Robinson's sanity (section 2168 to section 2174 of the Political Code, inclusive), unless it can be said that it appears from the face of the commitment itself that the court failed to accord to Robinson the "reasonable opportunity" for the production and examination of witnesses contemplated by the statute. But we cannot, from the commitment, say that the alleged insane person was not given a reasonable opportunity to produce witnesses for examination in his behalf. Upon a collateral attack, where it is clear that the court had jurisdiction of the person adjudged insane, the presumptions are all in favor of the regularity of the proceedings leading to the judgment and the order of commitment. (*Ex parte Clary,* 149 Cal. 735, [81 Pac. 580]; *State Commission in Lunacy* v. *Eldridge,* 7 Cal. App. 298, [94 Pac. 597, 600].) Besides, the determination of what is "reasonable opportunity" is committed by the statute to the sound discretion of the court, to be exercised in view of the surrounding circumstances of each particular case, and where it does not appear on the face of the proceedings that such discretion has been abused, the judgment of the court for the alleged reason that the person adjudged insane has not been given a reasonable opportunity to produce his witnesses and cause them to be examined touching his mental condition

cannot be disturbed.    There is nothing in the judgment and order of commitment from which we would be warranted in holding that the court abused its discretion in the respect complained of.

The question whether Robinson is now sane and is, therefore, entitled to be restored to competency, does not and, obviously, cannot arise here.    (Pol. Code, sec. 2188.)

For the reasons herein stated, the writ is discharged and Robinson remanded.

Chipman, P. J., and Burnett, J., concurred.