[S. F. No. 6102.   In Bank.—February 13, 1912.]

WILLIAM HENLEY, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SACRAMENTO, and J. W. HUGHES, Judge thereof, Respondents.

CRIMINAL LAW—LOSS OF SELF-CONTROL THROUGH INTEMPERANCE—AFFIDAVIT FOR ARREST—SPECIFIC ACTS MUST BE ALLEGED.—Under section 2185c of the Political Code (Stats. March 21, 1911), the affidavit for the arrest of a person charged with being so far addicted to the intemperate use of narcotics or stimulants as to have lost the power of self-control, must be substantially in the form provided by section 2168 of that code for the arrest of a person charged with insanity, and must contain a statement of the specific acts and doings of the party charged tending to support the conclusion of the affiant that he had lost the power of self-control. The mere statement of such conclusion in the affidavit is insufficient to confer jurisdiction to issue the warrant of arrest or to proceed with the examination.

APPLICATION for a Writ of Prohibition directed to the Superior Court of Sacramento County.   J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

R. Platnauer, for Petitioner.

THE COURT.—By the act of March 21, 1911, (Stats. 1911, p. 396), a new section—numbered 2185c—was added to the Political Code, providing that "Whenever it appears by affidavit to the satisfaction of a magistrate of a county or city and county that any person is so far addicted to the intemperate use of narcotics or stimulants as to have lost the power of self-control or is subject to dipsomania or inebrity he must issue and deliver to some peace officer a warrant directing that such person be arrested and taken before a judge of the superior court for a hearing and examination on such charge.   Such officer must thereupon arrest and detain such person until a hearing and examination can be had . . . *Such affidavit and warrant of arrest* must be substantially in the form provided by section 2168 of the Political Code for the arrest of a person charged with insanity."

The petitioner herein was arrested under a warrant issued upon the filing of an affidavit worded as follows:

"In the Matter of Wm. Henley, an alleged intemperate user of stimulants.

"State of California, County of Sacramento.—ss.

"Nellie H. Tayler being duly sworn, deposes and says that there is now in said county, in the city or town of Sacramento, a person named Wm. Henley, who is so far addicted to the intemperate use of stimulants as to have lost the power of self-control.

"That by reason thereof said person is a fit subject for commitment to a State Hospital for the care and treatment of the insane and ought to be confined therein as an inebriate, under the provisions of section 2185c of the Political Code of the state of California.

"Wherefore affiant prays that such action may be had as the law requires in such cases."

The petitioner was arrested; his objection to the jurisdiction of the respondent to proceed with his examination was overruled, and he asked this court for a writ of prohibition which was allowed upon the grounds here briefly stated.

The form of affidavit prescribed by section 2168 of the Political Code, and to which the statute here in question requires the affidavit for the arrest of a person alleged to have lost the power of self-control substantially to conform, embraces as one of its requirements a statement of the specific acts and doings of the person alleged to be insane upon which the conclusion of the affiant is based. His naked opinion that a person is insane is not sufficient. There must be furnished evidence to support that conclusion on the part of the magistrate, as a foundation for the proceeding before the arrest and detention of such person is authorized and for the same reasons the failure of the complainant to state any facts tending to support the conclusion that a person has lost the power of self-control is a fatal objection to the power of the magistrate to issue the warrant of arrest under section 2185c. The warrant being, for these reasons, invalid, the respondent was without jurisdiction to proceed with the examination, and petitioner was entitled to the writ of prohibition.