[Civ. No. 1306.   Second Appellate District.—February 18, 1913.]

## W. E. HALL, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF ORANGE, Respondent.

INSANE PERSONS—PROCEEDINGS FOR COMMITMENT—SUFFICIENCY OF COMPLAINT.—An affidavit or complaint alleging that a certain person is insane and so disordered in mind as to endanger himself and others; that on a certain day he "acted in a strange and incoherent manner, and was laboring under the delusion that persons were whispering and talking to him, and that he was afflicted with what he called a 'whisperee' and by buzzes, and was laboring under the delusion that there

were parties who desired to drive him from Southern California; that by reason of said insanity said person is dangerous to be at large," contains a sufficient statement of facts to give the court jurisdiction to proceed and examine the charge made.

ID.—AFFIDAVIT OR COMPLAINT—STATEMENT OF CONCLUSION.—It is not a statement of a conclusion merely for the complainant to say, in such affidavit or complaint, that the petitioner was "laboring under the delusion that persons were whispering and talking to him . . . and was laboring under the delusion that there were parties who desired to drive him from Southern California."

APPLICATION for writ to review an order of the Superior Court of Orange County adjudging the petitioner insane and committing him to the State Hospital at Patton. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Shepard & Alm, for Petitioner.

JAMES, J.—This proceeding in *certiorari* is prosecuted for the purpose of securing a review of the proceedings had in the superior court of Orange County wherein petitioner was adjudged to be an insane person and ordered committed to the state hospital at Patton. The proceedings complained of were had on the thirtieth day of January, 1912. Petitioner, on the thirteenth day of July, 1912, was discharged from the state hospital by the superintendent thereof, for the reason that in the opinion of that official his condition was such that he would not while at large be injurious to himself or others. The particular ground upon which it is sought to have annulled the order of commitment is that the affidavit or complaint upon which the warrant of arrest was issued was insufficient to give the court jurisdiction to proceed and examine petitioner on the charge made. It is argued that there was no statement of facts contained in the complaint descriptive of the acts and conduct of the alleged insane person, as is required by section 2168 of the Political Code. The complaint in its material parts was as follows: "F. W. Heard, being duly sworn, deposes and says; that there is now in said county in the city or town of Santa Ana, a person named W. E. Hall who is insane and is so far disordered in mind

as to endanger the health, person or the property of himself or of others, and that he, at Santa Ana, in said county, on the 27th day of January, 1912, acted in a strange and incoherent manner, and was laboring under the delusion that persons were whispering and talking to him, and that he was afflicted with what he called a 'whisperee' and by buzzes; and was laboring under the delusion that there were parties who desired to drive him from Southern California; that by reason of said insanity said person is dangerous to be at large." It has been held by the supreme court (*Henley* v. *Superior Court*, 162 Cal. 239, [121 Pac. 921]) that it is essential to set forth in the complaint some description of the acts, conduct, or condition of persons subject to examination as being insane or inebriate. In the decision referred to the complaint contained nothing more than a bare statement of the conclusion of the complainant that the person therein referred to was so addicted to the intemperate use of stimulants as to have lost his power of self-control, and that he was a fit subject for commitment to the state hospital and ought to be confined therein as an inebriate. The complaint as filed in the case of the petitioner here did attempt to set forth a statement of the facts as to petitioner's then condition and conduct. If it may be said that any facts were stated, however imperfect may have been their expression, then the court acquired jurisdiction to issue the warrant of arrest. We think that this case can be readily distinguished from that considered in *Henley* v. *Superior Court, supra*. In our opinion, it was not a statement of a conclusion for the complainant to say that petitioner was "laboring under the delusion that persons were whispering and talking to him, . . . and was laboring under the delusion that there were parties who desired to drive him from Southern California." We think that by these expressions there was denoted the equivalent to saying that petitioner at the time complaint was made against him asserted that persons were whispering and talking to him and were trying to drive him from Southern California when in fact no such persons were whispering or talking to him or were trying to drive him from the country.

The order as made by the superior court is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1913.