[Civ. No. 1097.    Third Appellate District.—May 29, 1913.]

EDITH MOORE et al., Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF SACRAMENTO, and J. W. HUGHES, Judge Thereof, Respondents.

JUVENILE COURT—DEFECTIVE PETITION—EFFECT OF FILING SUBSEQUENT PETITION.—The filing of a petition for the adjudication, of the dependency of minor children, which is defective and does not give the court jurisdiction of the cause, does not deprive the court of authority to proceed upon a proper petition subsequently filed, although the latter is designated "an amended or supplemental petition," and it contains a recital that it is made by permission of the

court, and it is indorsed and filed under the same number as the first so-called petition.

ID.—PLEADING—NAME AS FIXING CHARACTER OF PLEADING.—It is not what it is called, but what it is, that fixes the character of a pleading.

ID.—DISQUALIFICATION OF JUDGE—WRIT OF PROHIBITION.—Before prohibition will issue on the ground that a juvenile court judge is disqualified by prejudice, it must not only appear that objection was made in the lower court and supported by affidavit, but it must also affirmatively appear that no counter affidavit was filed presenting an issue of fact as to the qualification of the judge.

APPLICATION for a Writ of Prohibition to restrain the Superior Court of Sacramento County from proceeding under the Juvenile Court Law.  J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

R. Platnauer, for Petitioners.

J. Q. Brown, for Respondents.

BURNETT, J.—The question to be determined grows out of a proceeding in the juvenile court of Sacramento County involving the adjudication of the dependency of certain minor children.  A verified petition, as required by the "juvenile court law," was filed with the clerk of said court and a citation issued thereon.  Subsequently, another verified petition was filed with the clerk of said court, entitled "an amended or supplemental petition," and the jurisdiction of said court to proceed to the hearing on either petition is challenged here by an application for the writ of prohibition.

In response to the order to show cause issued herein, respondents have answered and a demurrer by petitioners to this answer presents the case for our determination.

It may be admitted that the first petition filed as aforesaid was fatally defective in accordance with the rule enunciated in *Henley* v. *Superior Court*, 162 Cal. 239, [121 Pac. 921], and *In re Mundell*, 3 Cal. App. 472, [86 Pac. 833], and gave the court no jurisdiction of the cause.  The result is the same as though no proceeding whatever had been taken in the court below.  The petition was so much waste effort and could be ignored as a devitalized incident in the judicial proceeding,

or by a formal dismissal removed from the record entirely. The important point is that by the filing of said petition the machinery of the court was not even put in motion for the achievement of the contemplated purpose. Said attempt, therefore, to invoke the aid of the law in behalf of said minors must be eliminated from consideration as futile and abortive.

While the filing of said petition, then, did not *confer* jurisdiction upon the court to proceed in the matter, it did not, of course, *deprive* it of jurisdiction to proceed upon a proper petition filed as the statute demands. At least this must be so in the absence of any law limiting the authority of the court in that particular. There is no such limitation presented and the proper course was taken to secure the adjudication by the said juvenile court of the dependency of said minors.

To specify more particularly, another verified petition was filed as provided by section 3 of said juvenile court law. There can be no question—indeed, it is admitted by counsel for petitioners here—that said second petition contains a sufficient statement of facts to justify the court in making an inquiry as to the dependency of said minor children. It also contains the name and residence of the only living parent of said minors. Indeed, it meets every requirement of the law, and, being such petition as the statute contemplates and having been filed as provided, the next step in orderly sequence was for the court to set a day for the hearing and direct a citation to issue in pursuance of section 4 of said juvenile court law. (Stats. 1911, p. 660.) This is exactly what the court did, as shown by said return.

It is true that it does not appear that said citation was served, but that is to be expected from the fact that the hearing was set for March 5 and the answer herein was verified on February 28. The statute requires that the service of the citation must be made "at least twenty-four hours before the time stated therein for such appearance." We may assume that it was so made after said answer herein was so verified. But no point is made as to this, and, at any rate, the continuance of the hearing, made necessary by the application in this court for this writ, will afford ample time for said service, if not already made.

We have, then, simply this situation: A purported verified petition amounting to a mere nullity was filed. The court

thereby acquired no jurisdiction to proceed to the hearing. Subsequently, a petition, valid under the law, was filed with the proper officer and the proper order was made looking to the regular determination by the court of the issues therein tendered.

The only possible objections to the method pursued are that the second petition is designated ''An amended or supplemental petition,'' it contains the recital that it was made by permission of the court, and it was indorsed and filed under the same number as the first so-called petition.

But these are matters so obviously of procedural regularity and not of judicial authority that extended discussion seems hardly required.

It is not what it was *called* but what it *is* that fixes the character of the pleading. We are not concerned with the terminology used but rather with what was done. It might have been called an amendment to the ten commandments and the circumstance would not have affected the jurisdiction of the court.

So, it was probably not necessary for the court to make an order to allow it to be filed, as the statute itself is sufficient authority, but the court's permission to do something that the law already permits cannot, of course, invalidate the act, although it may add nothing to its efficacy.

No one, probably, would contend that the clerk's designation by number of a pleading can have any substantial bearing upon the question of the court's authority to consider and act upon said pleading. The number is used as a convenient method of identification, and whether a mistake is made or not in thus designating the paper can be of no moment as far as the jurisdiction of the court is concerned.

The conclusion of the whole matter is that it makes no kind of difference whether said first petition was susceptible to amendment or whether the second be considered as an amendment to the first or regarded as an entirely separate and independent step in the inquiry, the court was clothed with ample authority to proceed to the invited investigation.

One other question ought to be noticed.

In the amended petition filed in this court it is alleged ''That the said J. W. Hughes is a party interested in said proceeding in said juvenile court of the county of Sacramento,

and is disqualified to act as judge of said court in said proceeding,'' and also ''that there is on file in the superior court of the state of California, in and for the county of Sacramento, in the matter of the petition of said M. J. Sullivan, the affidavit of R. Platnauer, a copy of which affidavit is hereto annexed and marked 'Exhibit A' and made a part hereof. There is also on file in said court in said matter, the affidavit of Robert J. Moore, a copy of which affidavit is hereunto annexed and marked 'Exhibit B' and made a part hereof.''

Without setting out the contents of these affidavits, it may be said that they tend to show that by reason of bias and prejudice the trial judge was and is not in a proper frame of mind to try the question before him fairly, impartially, and justly.

It is proper to say, however, that in the answer filed herein there is a sufficient counter showing to justify this court in the conclusion that the trial judge is not at all disqualified from acting in the matter as every judge should act in a solemn judicial proceeding. But aside from that, another circumstance exists which renders improper a reference to take testimony on the subject and eliminates the question of bias or prejudice from consideration as a ground for the issuance of the writ of prohibition.

Before this writ will issue upon that ground, it must appear not only that objection was made in the lower court and supported by an affidavit or affidavits, but it must also affirmatively appear that no counter affidavit was filed presenting an issue of fact as to the qualification of the judge. The reason is plain and is stated clearly in *Talbot* v. *Pirkey,* 139 Cal. 327, [73 Pac. 858]. It is substantially this: The intendments are in favor of the jurisdiction of the trial court and we must presume, therefore, there being no showing to the contrary, that counter affidavits were filed supporting the view that the judge is entirely qualified to try the cause. There was thus presented an issue of fact and the judge had jurisdiction to determine the question of his own bias and we must presume that he concluded that the charge against him was unfounded and that he was not disqualified. Of course, he then had jurisdiction to proceed to trial.

We think it is unquestionable, therefore, that, on neither of the grounds mentioned, can the contention of petitioners be sustained.

The demurrer to the answer is overruled and the peremptory writ denied.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 28, 1913, and the following opinion then rendered thereon:

BURNETT, J.—In the petition for rehearing it is stated that in the opinion hereinbefore filed an inaccuracy is found in the declaration that a citation followed the filing of said "amended" petition. It is true that the answer of respondents contains no specific allegation that such citation was issued, but nothing to the contrary appears in the pleadings and we must presume that the course pointed out by the statute was pursued. But the matter is of no consequence in this application, as the jurisdiction of the lower court is not attacked upon that ground. When the case comes on for hearing in the superior court, if the parties have not been properly served, advantage can be taken, of course, of the omission.

Petitioners are entirely mistaken in the assertion that we *inadvertently* passed upon the merits of the application.

Only two jurisdictional questions were argued and presented for determination, one relating to the insufficiency of the original petition in the court below and the want of authority to allow it to be amended, and the other related to the disqualification of the trial judge.

As to the first of these, no issue of fact is presented in the pleadings and we think it perfectly clear that the course that was taken does not involve any excess of jurisdiction.

As to the disqualification of the judge on the ground of bias or prejudice, the rule recognized by the supreme court—and it is a salutary one—is that before prohibition will issue it must appear that affidavits were filed showing the disqualification and that no counter affidavits were presented. In that particular the petition herein is defective, as pointed out in the original opinion. It does not even appear that the moving party filed any affidavit until after the hearing of the motion, the allegation of the amended petition herein being "that

22 Cal. App.—11

there is on file in the superior court . . . the affidavit of R. Platnauer,'' etc.

It may be said that the question of disqualification really resolves itself into one of bias or prejudice, as no facts appear to show that the trial judge is an *interested* party in the sense of the statute.

But, conceding that on this application, it would be proper for this court to determine the question of the disqualification of the judge, we think, in view of the verified return and the affidavit in its support, that respondents have shown sufficient reason why the writ should not issue and that no demand of substantial justice requires any further hearing in this proceeding.

The petition for rehearing is denied.

Chipman, P. J., and Hart, J., concurred.