[Crim. No. 2418. In Bank.—November 28, 1921.]

In the Matter of the Application of WILLIAM M. LIGGETT for Writ of Habeas Corpus.

[1] INSANE PERSONS—COMMITMENTS—PLACE OF HEARING.—Under section 2185c of the Political Code, providing that when a person accused of being so far addicted to the intemperate use of narcotics or stimulants as to have lost the power of self-control is brought before the superior court, the judge must by order fix such time and place for the hearing and examination in open court as will give a reasonable opportunity for the production and examination of witnesses, the court may in its discretion designate any place other than that fixed in pursuance of section 142 of the Code of Civil Procedure.

[2] ID.—LOSS OF POWER OF SELF-CONTROL—INTEMPERATE USE OF NARCOTICS AND STIMULANTS—TRIAL BY JURY.—A person accused under section 2185c of the Political Code of being so far addicted to the intemperate use of narcotics or stimulants as to have lost the power of self-control is not entitled to a trial by a jury under section 2174 of such code, since such section applies only to proceedings to adjudge a person insane for commitment as an insane person.

[3] ID.—SUFFICIENCY OF AFFIDAVIT.—An affidavit for the arrest of a person under section 2185c of the Political Code, reciting that the accused has been addicted to the excessive use of intoxicating liquors for more than five years last past and has been continuously intoxicated for six months preceding the making of the affidavit, sufficiently shows that the accused is subject to dipsomania or inebriety to bring him within the purview of the statute and to give the court jurisdiction to proceed with the hearing and examination.

APPLICATION for Writ of Habeas Corpus. Denied.

The facts are stated in the opinion of the court.

E. G. Ryker for Petitioner.

SHAW, C. J.—The petitioner asks for a writ of *habeas corpus* to discharge him from detention in the Agnews State Hospital at Agnew, California, in pursuance of a commitment under section 2185c of the Political Code. He claims that his commitment is unlawful and that the proceedings are void for the reasons about to be mentioned.

The above-named section authorizes the superior court to commit a person to said hospital for care and treatment upon finding that such person "is so far addicted to the intemperate use of narcotics or stimulants as to have lost the power of self-control, or is subject to dipsomania or inebriety."

[1] The first objection of the petitioner to the validity of the proceedings is that the hearing, which was before the superior court of Alameda County, was held in a place in Oakland known as the "Emergency Hospital," and that there is no legal authority for holding a session of the superior court in any place other than the place designated by law or by an order of the superior court made and published as provided in section 142 of the Code of Civil Procedure, and that no order designating such other place or publication thereof was made in the present case prior to the hearing. The objection is answered by the fact that section 2185c provides that when such accused person is brought before the superior court and the judge has informed him of his rights to make a defense to the charge, "the judge must by order fix such time *and place* for the hearing and examination in open court as will give a reasonable opportunity for the production and examination of witnesses." The same provision is made by section 2168 of the Political Code with regard to the hearing of a proceeding to commit a person to a hospital for the insane. The two must be presumed to have the same meaning. We think this provision authorizes the superior court to designate any place other than that fixed in pursuance of section 142 aforesaid, in its discretion. It has been customary for the courts to hold such hearings at places other than the courthouse for many years. In the nature of things it must often be more convenient, and sometimes absolutely necessary to do so. Persons to be examined for insanity are sometimes physically unable to be taken to the court-

house without endangering their life or health. It is evident that this provision of the statute was inserted to give the court discretion to direct a hearing to be made so as to give a reasonable opportunity to the person to be examined and to the persons initiating the examination to produce and examine witnesses. It is often necessary to have the patient to some extent under restraint, so that he cannot attack or injure persons present. It would be much more convenient in such cases to have the examination conducted in the place where he is so restrained, or in some other place where similar facilities for restraint are ready for use. Frequently, also, the witnesses for the prosecution of the case are persons who are also confined in such hospital or in attendance there and the order fixing such place for the hearing would be more convenient for everyone else and fully as convenient for the patient to be examined. We think the law is valid and that the court properly followed it in the present case.

[2] Within five days after the examination and commitment the petitioner demanded a trial by a jury, claiming the right to such trial under the provisions of section 2174 of the Political Code. This was denied and the examination and commitment were made by the court without any submission of the matter to a jury. This does not invalidate the order of commitment. Section 2174 applies only to proceedings to adjudge a person insane for commitment as an insane person. The authority for committing one to an asylum for care and treatment who has lost the power of self-control because of his addiction to narcotics or stimulants or is subject to dipsomania or inebriety is found in section 2185c aforesaid. That section does not authorize or require the submission of the matter to a jury. We do not think that the constitutional provision that the right of trial by jury shall be secured to all and remain inviolate (sec. 1, art. I) applies to the present proceeding. The right of trial by jury there referred to is the common-law right of trial by jury in ordinary civil and criminal cases.

[3] The petitioner claims that the affidavit was insufficient to give the court jurisdiction to proceed because it does not state the facts necessary to bring the case within the provisions of the aforesaid section. In this behalf he refers to the case of *Henley* v. *Superior Court,* 162 Cal. 240,

[121 Pac. 921].   That case holds that an affidavit which merely states that the person named "is so far addicted to the intemperate use of stimulants as to have lost the power of self-control," and states no other facts tending to show the truth of such allegation, is insufficient to give the court jurisdiction to proceed.   That was a proceeding in prohibition and the writ was issued in accordance with this conclusion.   In the present case the affidavit not only contains the allegation above quoted, but proceeds to allege that Liggett has been addicted to the excessive use of intoxicating liquors for more than five years last past and has been continuously intoxicated for six months preceding the making of the affidavit.   Whether the additional facts tend to show the truth of the first allegation or not, it cannot be denied that they do show that the patient to be examined is "subject to dipsomania or inebriety," and this is sufficient to bring him within the purview of the statute and give the court jurisdiction to proceed.

We think the record sufficiently shows, so far as a proceeding in *habeas corpus* is concerned, that a copy of the order fixing the time and place of hearing was actually served upon the petitioner and that he was present at such hearing.   We find no sufficient reason for any further consideration of the case.

The petition for a writ of *habeas corpus* is denied.

Shurtleff, J., Wilbur, J., Sloane, J., Richards, J., *pro tem.*, Waste, J., and Lennon, J., concurred.