[Crim. No. 1064.  Third Appellate District.—November 30, 1928.]

In the Matter of EVA CROWLEY on Petition for Habeas Corpus.

Daniel A. Ryan and George F. Snyder for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—This matter is before the court upon the petition of Ida M. Brickell, praying for a writ of *habeas corpus* in behalf of Eva Crowley, wherein it is alleged that the said Eva Crowley is unlawfully detained, confined, and restrained of her liberty by Dr. G. W. Ogden, medical superintendent of the Napa State Hospital; that said writ be directed to the said Dr. G. W. Ogden, and that upon the hearing hereof the writ be granted restoring said Eva Crowley to her liberty and releasing her from the custody of Dr. G. W. Ogden as superintendent of said Napa State Hospital.

The petition is based upon the alleged insufficiency of the affidavit upon which the proceedings in this matter were instituted to have the said Eva Crowley committed for and on account of the alleged excessive use of intoxicating stimulants, to give the court jurisdiction to proceed with the hearing and commitment of the said Eva Crowley.

The affidavit upon which the proceedings were instituted, in so far as material here, is in the following words: "James B. Crowley, being duly sworn, deposes and says: That there is now, in said County of San Francisco, a person named Eva Crowley who is so far addicted to the intemperate use of stimulants as to have lost the power of self-control." And then, in the attempted statement as required by section 2168 of the Political Code, contains only those words: "Has lost all self-control and will-power from the excessive use of stimulants—quarrelsome and threatening." Following what we have just stated, the affidavit prays, in the usual form, that proceedings be had, commitment be made, etc., and is subscribed and sworn to. The basis for this proceeding is found in section 2185c of the Political Code, containing provisions for the commitment of persons addicted to the intemperate use of narcotics or stimulants to such an extent as to have lost the power of self-control, etc. This section provides for an affidavit being made before a magistrate, and after so providing, specifies that the affidavit and warrant of arrest must be substantially in the form provided by section 2168 of the Political Code relating to the arrest of persons charged with insanity. Section 2168 of the Political Code contains the form which must be used as a foundation for the proceeding, and also requires that the facts relating to the party charged, or the actions of the

party charged, must be set forth. The cases based upon this section in this state relative to the commitment of persons charged with the intemperate use of intoxicating liquors require, in order to give jurisdiction for the institution of the proceeding, that something more be set forth than the mere opinion of the person making the affidavit; that is, that the facts and circumstances be detailed with at least some particularity, showing upon what the conclusion of the affiant is based, and not merely the opinion or conclusion of the person making the affidavit.

Upon the hearing of this cause it was urged with considerable emphasis that while the hearing was had in a superior court, it was and is a proceeding in which such court exercises only limited powers, and that, therefore, the presumptions and intendments in favor of the jurisdiction which prevail where a cause is heard before a court of general jurisdiction, do not apply. That upon *habeas corpus* the scope of inquiry is not limited, by reason of the order of commitment, as is the case after trial in a criminal cause upon an information or indictment. By reason of the decisions hereafter set forth upon which the order of the court in this cause will be based, we deem it unnecessary to enter into a discussion of this question, as it would only be academic in that it is not requisite to any determination we may make herein. ■ It is sufficient to state that the proceeding in relation to the commitment of persons charged with the excessive use of stimulants is much narrower in its provisions than those which are provided for an inquiry into a determination of a person's mental state. If a person is found by the court to be insane, he is entitled to a jury trial, whereas, the provisions of section 2174 of the Political Code awarding a jury trial to an alleged insane person, do not extend that right to one alleged to be an excessive user of intoxicating liquors. It may also be stated that proceedings such as the one under consideration are purely statutory and are not based upon the common law, which has always recognized the power of courts or commissions in lunacy, to inquire into the mental condition of persons alleged to be insane. This leads to the conclusion that the requirements of the statutes must be at least substantially, if not strictly, followed in order to give the court wherein it is proposed to hear the proceedings, jurisdiction thereof.

Thus the cases hold that facts and not conclusions must appear in the affidavit filed at the institution of the matter, and upon which the validity of further proceedings must rest. If jurisdiction is not required by reason of the affidavit not complying with section 2168 of the Political Code, it appears that the subsequent action of the court in directing the issuance of the commitment does not give vitality to that which was void in the first instance.

In the case of *Henley* v. *Superior Court*, 162 Cal. 239 [121 Pac. 921], the affidavit under consideration, in a case where one was held for examination under the code provision, *supra*, relating to the excessive use of stimulants, read as follows: "Nellie H. Tayler, being duly sworn, deposes and says: That there is now in said County, in the city or town of Sacramento, a person named Wm. Henley who is so far addicted to the intemperate use of stimulants as to have lost the power of self-control." The court in that cause issued a writ of prohibition restraining the superior court from proceeding with an inquiry as to whether Wm. Henley was or was not addicted to the excessive use of intoxicating liquors, based upon such an affidavit, holding that the affidavit was fatally defective and did not give the court jurisdiction, and a writ of prohibition was ordered issued. The affidavit in that case is, in all substantial particulars, no different from the affidavit presented to us for consideration. If a writ of prohibition will issue restraining a court from further proceedings upon an affidavit which does not give the court jurisdiction, we do not perceive how the taking of proceedings by a court not having jurisdiction to proceed, can logically lead to the conclusion that an affidavit, void at the beginning of the hearing, becomes valid at the conclusion thereof. It is not a question of mere insufficiency, it is a failure to give life at the very birth of the cause, and we do not see how a court, proceeding to do that which it has no jurisdiction to do, can "animate the corpse."

In *In re Watson*, 63 Cal. App. 424 [218 Pac. 600], this court held that an affidavit charging that, "James Watson had for a period of several weeks last past, and then and there is, a person who, from the inordinate use of alcoholic liquor, and the influence thereof, is irresponsible for his acts and insane therefrom," insufficient to give the court jurisdic-

tion, citing the sections of the Political Code hereinbefore referred to, and also the case of *Henley* v. *Superior Court, supra*.

Somewhat analogous to the proceedings here under consideration are the provisions of the Juvenile Court Law, although certain sections of that law provide for appeals, and in that respect are less drastic than the provisions of the Political Code relative to the commitment of inebriates. Nevertheless, under the Juvenile Court Law, if the petition upon which the proceedings are founded is insufficient to give the court jurisdiction, a writ of *habeas corpus* will lie for the discharge of the juvenile so held after commitment.

In the *Matter of the Application of Azhocar,* 49 Cal. App. 352 [193 Pac. 505], where a commitment had been issued, the court held as follows: ''A ward of the Juvenile Court is entitled to her discharge on *habeas corpus* where the petition upon which the order of commitment was made, was insufficient to confer jurisdiction.''

Likewise, in the *Matter of the Application of Burner,* 23 Cal. App. 637 [139 Pac. 90], it was held, after commitment, that if the petition was insufficient to give the court jurisdiction, the juvenile was entitled to discharge upon *habeas corpus.* Also, in the *Matter of Mundell,* 3 Cal. App. 472 [86 Pac. 833], upon application for a writ of *habeas corpus* after commitment, it was held that the petitioner was entitled to the writ on the ground that the petition was insufficient to give the court jurisdiction.

While we have pointed out that the code provisions relative to committing inebriates are more restrictive in the rights granted to such a person than the rights guaranteed to a person charged with insanity, nevertheless, it has been held that in lunacy proceedings the statutory requirements giving jurisdiction must be strictly followed. (32 C. J., p. 634.)

In view of the cases which we have cited, we see no escape from the conclusion that Eva Crowley is entitled to the writ prayed for herein, and it is so ordered, and the said Eva Crowley is hereby discharged from the custody of Dr. G. W. Ogden, as superintendent of the Napa State Hospital.

Finch, P. J., concurred.