[Crim. No. 1561. Third Appellate District.—May 5, 1937.]

In the Matter of the Application of JOHN C. CONMY for a Writ of Habeas Corpus.

Wesley Rutherford for Petitioner.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PLUMMER, J.—By this proceeding the above-named petitioner seeks his discharge on *habeas corpus* from the Napa State Hospital to which he had been committed on a charge of excessive use of intoxicating liquors to such an extent that he had lost the power of self-control. Based upon the provisions of section 2185c of the Political Code, the petitioner, on the 19th day of February, 1937, was committed to the in-

stitution just named for a period of six months as a person coming within the provisions of this section.

The chief contention of the petitioner upon the hearing of this matter was, and in the brief filed by his counsel is, that the warrant of arrest by which he was brought before the superior court of the county of Marin upon the charge of being a person who had lost the power of self-control through the excessive use of intoxicating liquors, was defective in this, that the warrant of arrest appeared not ·to have been signed by the magistrate issuing the same.

While it is provided in section 2185c, *supra,* that the affidavit filed before the magistrate, and also the warrant issued by the magistrate, shall be served upon the person named therein, the fact that the warrant was defective does not affect the jurisdiction of the superior court to hear and determine whether the facts set forth in the affidavit are true and correct, and whether the condition of the person charged as being an inebriate and of having lost the power of self-control is such as to warrant his commitment to a state hospital for the purpose of improving his condition or affecting a cure.

The petitioner's contention as to the defectiveness of the warrant, and as to what we have just stated in relation ·to its noneffect upon the jurisdiction of the superior court, is fully answered in the opinion of the court in *In re Kaster,* 52 Cal. App. 454 [198 Pac. 1029]. It is there shown that though an officer may be liable for false arrest in the execution of a defective warrant, the fact of the arrest and the bringing of the person before the superior court for hearing and determination is not affected by reason of any defect in the warrant.

The affidavit upon which the warrant of arrest is to be based has been held by the courts of this state to be the jurisdictional basis upon which the proceedings must either stand or fall. In *In re Crowley,* 95 Cal. App. 219 [272 Pac. 787], the jurisdictional requirements of the affidavit, and also as to what constituted the jurisdictional basis of the proceedings are fully considered. The cases are collected which show that the affidavit, in addition to expressing the opinion of the affiant, must set forth facts or acts of the person charged with want of self-control.

In the proceedings now under consideration, an examination of the affidavit filed by the wife of the petitioner shows

not only the opinion of the affiant that John C. Conmy (otherwise known as John C. Conway), had lost the power of self-control by reason of the excessive use of intoxicating stimulants, but sets forth in addition thereto his acts in striking, or what we might say, physically assaulting one Mrs. Fred Lhumann, and also the physical assault of the petitioner upon the affiant, in that he did strike and beat her and threaten to kill her (the affiant). These are specific acts which tended to show, and from which a reasonable inference might be drawn or conclusion reached, that the power of self-control had been lost.

We may here add that the petitioner's affidavit in this proceeding, if it contains a correct recital of what appeared to him to have taken place at the time of his hearing, demonstrates beyond question that the petitioner was then and there laboring under an exceedingly confused mental condition by reason either of the excessive use of intoxicating liquors or the use of some form of narcotics, all of which gave to the superior court an ocular demonstration of the wisdom and justness of ordering the commitment of the petitioner.

The record shows that the hearing of the petitioner was had on the same day of his being brought before the superior court for a hearing, and the allegation was made that no reasonable time was awarded for the procuring of witnesses, etc. No facts are shown in the petition to substantiate this charge.

The same contention is made in the cases of *In re Lewis,* 11 Cal. App. 530 [105 Pac. 774], and *In re O'Conner,* 29 Cal. App. 225 [155 Pac. 115]. In both of these cases the hearing was had a few hours after the arrest of the petitioners, and in both cases the court held the time of the hearing was a matter vested in the discretion of the trial court, and unless it appeared that there had been an abuse of such discretion, no advantage could be taken thereof.

In the Lewis case, *supra,* it was held that the attack by *habeas corpus* was a collateral proceeding, and if the commitment shows upon its face that all of the statutory requirements essential to a legal arrest, hearing and commitment were observed, and that it could not be said from the commitment that a reasonable opportunity to produce witnesses was not given, the writ would be discharged.

In the O'Conner case the petitioner was charged with the condition of inebriety, just as here, and the hearing was

held a few hours after the accused was brought before the judge, and it was shown that he was then informed as to his rights guaranteed by the statute, and unless it appeared that an abuse of discretion had been had, the matter of the time of the hearing, etc., rested with the judge of the superior court.

The order of the judge of the superior court fixing the time of the hearing, recites that the petitioner was arrested and brought before him on a charge of the excessive use of intoxicating liquors, etc., and the court then fixed 2 o'clock on the 19th day of February, 1937, as the time for his hearing. The order also recites that the petitioner was informed of his rights to make a defense to the charge and to be represented by counsel, and also, to produce witnesses on his behalf. It was further ordered that a certified copy of such order be served upon the petitioner. This is certified to have been served upon the petitioner by the sheriff of the county of Marin.

We do not need to follow the certificate of the medical examiners who certified to the excessive use of intoxicating liquors by the petitioner and of his homicidal tendencies, but will confine ourselves to an examination of the commitment.

The commitment, signed by the judge of the Superior Court of Marin County, sets forth the fact of the petitioner having been brought before the court for examination upon an affidavit charging him with the excessive use of intoxicating liquor, etc., and then sets forth the fact that the petitioner was advised of his right to be represented by counsel and to produce witnesses, and of his right to have subpoenas issued to compel witnesses to appear in his behalf. The commitment also shows that the petitioner waived the right to be represented by counsel, and the court then and there proceeded with the examination of Lois Conway, the wife of the petitioner and the affiant in the affidavit hereinbefore mentioned, and after hearing the evidence, decided that the petitioner was addicted to the excessive use of intoxicating liquors; that the certificate of the medical examiners was true; and that the petitioner should be committed to the state hospital at Napa for the period of six months; that there was reasonable grounds for believing that the petitioner would be permanently benefited by the treatment then and there to be had. Every fact required by the provisions of section

2185c, *supra,* to be set forth in the commitment appears to be substantially inserted therein preceding the signature of the judge of the trial court.

The respondent calls attention to the cases of *Hahn* v. *Kelly,* 34 Cal. 391 [94 Am. Dec. 742], and *In re Hallinan,* 126 Cal. App. 121 [14 Pac. (2d) 797], to the effect that we cannot go behind the commitment, as everything required to be done will be presumed to have been done properly, unless the contrary appears therein, and if the recitals of the commitment show due and legal proceedings, that is the extent of the inquiry. This being a special proceeding, however, what the court said in the case of *In re Crowley, supra,* applies, and it must appear that the jurisdictional foundations were laid at the commencement of the proceeding. This having been done in the instant case, and the commitment being all that the law requires, it must follow that the writ issued herein be discharged and the petitioner remanded. And it is so ordered.

Pullen, P. J., and Thompson, J., concurred.