[Civ. No. 6795.   Third Dist.   Oct. 22, 1943.]

MABEL P. LIGGETT, Appellant, v. CHARLES L. PHILLIBER et al., Respondents.

Elmer W. Armfield and Arthur B. Eddy for Appellant.

Huston, Huston & Huston and Robert H. Schwab, Jr., for Respondents.

SCHOTTKY, J. pro tem.—Appellant commenced an action against respondents to recover damages for alleged false imprisonment, her complaint alleging in part that:

". . . for many years last past plaintiff has been a widow residing with her minor son of the age of fifteen years in her home in the Town of Davis. . . .

". . . the defendants acting together and in concert, each conspiring with the other against the plaintiff with the intent and for the purpose of causing the arrest, imprisonment and commitment to the Mendocino State Hospital of the plaintiff caused to be made and sworn to an affidavit, . . . Exhibit 'A' . . . made a part hereof.

". . . the defendants in the manner, with the intent and for the purpose heretofore stated caused the said affidavit to be filed in the Superior Court . . . County of Yolo and when said affidavit was so filed did cause to be procured an order and judgment of said court for the arrest of plaintiff and her imprisonment in and commitment to said . . . Hospital, and upon said affidavit did cause the arrest, imprisonment and confinement of plaintiff in said hospital and did deprive

her of her liberty for a period of twenty-three days, all . . . without any right, authority, legal process or commitment and against the will of plaintiff.

". . . by reason of the aforesaid arrest, imprisonment and confinement plaintiff suffered great physical distress, . . . to the plaintiff's general damage in the sum of $25,000.00.

". . . by reason of said . . . arrest, . . . plaintiff was compelled to engage . . . counsel for the purpose of procuring her release . . . from said . . . imprisonment . . . and was compelled to apply to the Superior Court . . . County of Mendocino for a Writ of Habeas Corpus which said writ was granted . . . by virtue of said writ plaintiff was discharged . . . from said imprisonment . . . plaintiff was compelled to expend . . . in counsel fees and other expenses caused by said . . . arrest, . . . and procuring her discharge therefrom the sum of $244.75."

The trial court made an order sustaining respondent's demurrer to the complaint without leave to amend, and this appeal is from the judgment entered in favor of respondents on such order.

In support of her contention that the court erred in sustaining respondents' demurrer to her complaint, appellant makes two points: First, that the affidavit upon which the inebriacy proceedings were based was insufficient, and that, therefore, the court acquired no jurisdiction; and, second, that the court having acquired no jurisdiction, all of the subsequent proceedings were illegal and void, and respondents who initiated them by filing the affidavit are liable for damage for false imprisonment.

It is apparent, therefore, that the entire argument of appellant is predicated upon the contention that the affidavit was insufficient. If the affidavit was sufficient there can be no doubt that appellant's complaint failed to state a cause of action and that the trial court was correct in sustaining respondents' demurrer without leave to amend. We will, therefore, first consider the question of the sufficiency of the said affidavit, which reads as follows:

". . . that there is now in said county, in the City of Davis, a person named Mabel P. Liggett who is so far addicted to the intemperate use of stimulants as to have lost the power of self-control.

"The said Mabel P. Liggett is so badly addicted to the use of alcoholic stimulants as to have lost her self control; she

uses vile and vulgar language, is quarrelsome and has threatened to kill her brother, Charles L. Philliber and his wife, and has no control over herself in the use of alcoholic liquor; she is dangerous and a menace to herself and the members of her family;

"That said person is not of bad repute or bad character apart from her said habit of the intemperate use of stimulants. That there is reasonable ground for believing, and affiant believes, that the said person, if committed to a State Hospital, will be permanently benefitted by treatment therein. And that by reason thereof said person is a fit subject for commitment to the State Hospital for the care and treatment of the insane, and ought to be confined therein as an inebriate under the provisions of section 2185c of the Political Code of the State of California."

Section 5400 of the Welfare and Institutions Code provides that "whenever it appears by affidavit to the satisfaction of a magistrate of a county that any person is so far addicted to the intemperate use of stimulants as to have lost the power of self-control, or is subject to dipsomania or inebriety," he shall issue a warrant of apprehension and such person shall be brought before the superior court and a hearing shall be held.

It should be borne in mind that a proceeding under the Inebriacy Act is not in any sense a criminal proceeding but is for the benefit of the alleged inebriate and the public at large, and it would in our opinion be contrary to the intent of the Legislature and would make it difficult for inebriates to receive the help contemplated by the statute if courts were to hold that an affidavit to invoke jurisdiction must conform to all the niceties of pleading of the trained pleader. All that should reasonably be required is that the affidavit should contain some facts which indicate that the alleged inebriate has lost the power of self-control or is subject to inebriety.

Appellant has cited the following cases which she contends show that the affidavit here involved was insufficient: *Henley* v. *Superior Court*, 162 Cal. 239 [121 P. 921]; *In re Watson*, 63 Cal.App. 424 [218 P. 600]; *In re Liggett*, 187 Cal. 428 [202 P. 660]; *In re Crowley*, 95 Cal.App. 219 [272 P. 787].

In *Henley* v. *Superior Court, supra,* the affidavit merely set forth that Henley "is so far addicted to the intemperate use of stimulants as to have lost the power of self-control."

In issuing a writ prohibiting the superior court from proceeding with a hearing based on this affidavit, the court held that the naked opinion of the affiant that a person has lost the power of self-control is not sufficient but that the affidavit must state some facts to support the conclusion.

*In re Watson, supra,* the affidavit alleged that ''on June 4, 1923, James Warren Watson had been for a period of several weeks last past, and then and there is a person who from the inordinate use of alcoholic liquor and the influence thereof is irresponsible in his acts and insane therefrom.'' In granting a writ of habeas corpus, this court, following *Henley* v. *Superior Court,* held that no specific acts were alleged to support the conclusion of the maker of the affidavit that petitioner had lost the power of self-control through inordinate drinking.

*In re Liggett, supra,* the court, in denying the petition for a writ of habeas corpus, said:

''The petitioner claims that the affidavit was insufficient to give the court jurisdiction to proceed because it does not state the facts necessary to bring the case within the provisions of the aforesaid section. In this behalf he refers to the case of *Henley* v. *Superior Court,* 162 Cal. 240 [121 P. 921]. That case holds that an affidavit which merely states that the person named 'is so far addicted to the intemperate use of stimulants as to have lost the power of self-control,' and states no other facts tending to show the truth of such allegation, is insufficient to give the court jurisdiction to proceed. That was a proceeding in prohibition and the writ was issued in accordance with this conclusion. In the present case the affidavit not only contains the allegation above quoted, but proceeds to allege that Liggett has been addicted to the excessive use of intoxicating liquors for more than five years last past and has been continuously intoxicated for six months preceding the making of the affidavit. Whether the additional facts tend to show the truth of the first allegation or not, it cannot be denied that they do show that the patient to be examined is 'subject to dipsomania or inebriety,' and this is sufficient to bring him within the purview of the statute and give the court jurisdiction to proceed.''

*In re Crowley, supra,* the affidavit alleged that Eva Crowley was '' 'so far addicted to the intemperate use of stimulants as to have lost the power of self-control.' 'Has lost all self-control and will-power from the excessive use of stimu-

lants—quarrelsome and threatening.' " In granting a writ of habeas corpus this court cited *Henley* v. *Superior Court* and *In re Watson* as authority for the rule that facts and not conclusions must appear in the affidavit filed at the institution of the matter, and held that the affidavit was insufficient.

Respondents argue that none of the cases cited by appellant hold that an affidavit worded as is the one here in question was insufficient, and respondents cite the case of *In re Conmy*, 20 Cal.App.2d 666 [67 P.2d 754], in which case this court, in denying a writ of habeas corpus, said, pages 668-669:

"In the proceedings now under consideration, an examination of the affidavit filed by the wife of the petitioner shows not only the opinion of the affiant that John C. Conmy (otherwise known as John C. Conway), had lost the power of self-control by reason of the excessive use of intoxicating stimulants, but sets forth in addition thereto his acts in striking, or what we might say, physically assaulting one Mrs. Fred Lhumann, and also the physical assault of the petitioner upon the affiant, in that he did strike and beat her and threaten to kill her (the affiant). These are specific acts which tended to show, and from which a reasonable inference might be drawn or conclusion reached, that the power of self-control had been lost."

Bearing in mind the rules laid down in the cited cases, and also bearing in mind that each affidavit must stand upon its phraseology, we are convinced that the affidavit in the instant case was sufficient both to confer jurisdiction upon the court and to support the subsequent hearing and commitment. The said affidavit did in our opinion set forth sufficient "specific acts and doings" to justify and support the conclusion that appellant had lost her self-control, and it is difficult for us to understand how anyone can read the affidavit and reach any other conclusion. The statement that "Mabel P. Liggett is so badly addicted to the use of alcoholic stimulants as to have lost her self-control," standing by itself, is a mere conclusion, and under the authorities would be insufficient. But this language is immediately followed by "she uses vile and vulgar language, is quarrelsome and

has threatened to kill her brother, Charles L. Philliber and his wife, and has no control over herself in the use of alcoholic liquor; she is dangerous and a menace to herself and the members of her family.'' This language is certainly susceptible of the construction that appellant was indulging in alcoholic liquors to the extent that she could no longer control herself in its use and as a result she used vile and vulgar language and was quarrelsome and threatened to kill her brother and his wife. These are not the acts of a normal person, and we must hold that an affidavit containing such allegations substantially complied with the provisions of the Welfare and Institutions Code and was sufficient to initiate the inebriacy proceedings and justify a hearing in the superior court. To hold otherwise would in our opinion be establishing a standard for such affidavits that would interfere with the benefits that the Inebriacy Act was intended to confer because it would mean that no layman could venture to invoke the benefit of this act to assist any chronic alcoholic who had lost his power of self-control.

We conclude, therefore, that the affidavit was sufficient both to confer jurisdiction upon the court and to support the subsequent proceedings, and that the trial court did not err in sustaining appellant's demurrer to the complaint without leave to amend. This conclusion makes it unnecessary to discuss the other points argued in the brief.

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.