[Crim. No. 8876.   Second Dist., Div. Four.   April 14, 1964.]

THE   PEOPLE,   Plaintiff   and   Respondent,   v.   WREN
FULLER, JR., Defendant and Appellant.

Leon Mayer, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—After a trial to the court (jury having been duly waived), defendant was found guilty of a violation of section 288 of the Penal Code. It is conceded that the evidence, although in conflict, was sufficient to sustain the finding of guilt and no contention in that regard is made on this appeal. Court-appointed counsel raises only questions concerning the validity of the proceedings taken after the finding of guilt.

Immediately upon entering the finding of guilt, the trial court, acting pursuant to section 5504 of the Welfare and Institutions Code, suspended the criminal proceedings and ordered that defendant be examined, as to possible sexual psychopathy, by three psychiatrists named in its order. The report of such doctors being that defendant was a probable sexual psychopath, the court made its order accordingly, suspended further proceedings, and committed defendant to Atascadero State Hospital for a period of 90 days for observation and report. In due time, the superintendent of said hospital reported that defendant was not a sexual psychopath. The court thereupon found, in accordance with the superintendent's report, that defendant was not a sexual psychopath, resumed the criminal proceedings, arraigned defendant for judgment and sentence, denied probation, and imposed sentence of imprisonment in the state prison.

Defendant appealed and, as above indicated, urges, as his sole ground of appeal, that he was denied constitutional rights in that the issue of sexual psychopathy was not submitted to a jury following the report of the superintendent.

I

The Attorney General urges that the appeal should be dismissed as being from a nonappealable order, relying on *People v. Bachman* (1955) 130 Cal.App.2d 445 [279 P.2d 77]. The reliance is misplaced. In *Bachman*, the court, adopting one of the two alternative procedures provided for in section

5501, subdivision (c), of the Welfare & Institutions Code,[1] imposed sentence, then suspended it and instituted sexual psychopathy proceedings. When, as here, those proceedings terminated in a finding of no psychopathy, nothing remained but to carry out the judgment and sentence previously imposed. The holding was that, in those circumstances, the order remanding Bachman to the sheriff for execution of the sentence imposed at an earlier date was not independently appealable. ■ In the present case, however, the trial court adopted the alternative procedure and suspended the criminal proceedings prior to sentence. When the sexual psychopathy proceedings had terminated, the criminal case proceeded to judgment. That judgment is, of course, appealable (Pen. Code, § 1237), and brings before us for review any errors in the proceedings which led up to the pronouncement of sentence. Since, once psychopathy proceedings have commenced, the criminal proceedings may not resume until the other proceedings have terminated, it follows that if, as defendant here contends, the sexual psychopathy proceedings had not been validly terminated, it was error to resume the criminal proceedings and the action of the trial court in arraigning defendant for judgment, and the subsequent criminal proceedings, must be vacated. (*Gross* v. *Superior Court* (1954) 42 Cal.2d 816, 820-821 [270 P.2d 1025]; *People* v. *Barnett* (1946) 27 Cal.2d 649 [166 P.2d 4].) The same distinction exists between the present case and *People* v. *Howerton* (1953) 40 Cal.2d 217 [253 P.2d 8].

## II

We turn then to the merits of defendant's procedural and constitutional objection. We find it to be without merit.

■ A defendant duly convicted of a criminal offense is ordinarily either sentenced to imprisonment, fined, or placed on probation. While a defendant is entitled to a hearing in connection with the proceedings in which the trial court exercises its discretionary choice among these alternatives, clearly no jury trial is available to him at that stage, as a matter of constitutional right.[2]

---

[1] Welfare & Institutions Code, section 5501, subdivision (c): "When a person is convicted of a sex offense involving a child under 14 years of age and it is a felony, the court shall adjourn the proceeding or suspend the sentence, as the case may be, and shall certify the person for hearing and examination. . . ."

[2] We have not lost sight of the fact that, in certain cases, a jury passes on the kind of sanction to be imposed.

■ For the better protection of society, the Legislature has provided that, in cases of defendants suffering from what the law denominates as "sexual psychopathy,"[3] the criminal proceedings may be suspended and the psychopath committed for an indefinite period for treatment of his mental condition. (Welf. & Inst. Code, §§ 5500 et seq.; *People* v. *McCracken* (1952) 39 Cal.2d 336, 344-346 [246 P.2d 913]; *People* v. *Hextor* (1951) 104 Cal.App.2d 392, 394 [231 P.2d 916].) For a variety of reasons, some resting on a concern for the rights of a person potentially subject to life incarceration, some resting on a concern for the administrative and fiscal problems involved in such a commitment, the Legislature has seen fit to establish procedures whereby the availability of the statutory alternative to criminal sanctions is tested at several stages and by several methods: (1) The court must advise the person involved of the fact that psychopathy proceedings have been instituted, set a date for a hearing, and advise him of his rights. (Welf. & Inst. Code, § 5503.) (2) At the hearing, in addition to any other evidence, there must be presented a probation report (Welf. & Inst. Code, § 5503.5), and the report of three court-appointed psychiatrists having special statutorily prescribed qualifications (Welf. & Inst. Code, § 5504). A full-dress hearing, with counsel, the right to subpoena witnesses, and similar procedures, then follows, if desired, (Welf. & Inst. Code, §§ 5505-5511.) (3) If that hearing results in a finding that the person is not a sexual psychopath, the criminal proceedings resume (Welf. & Inst. Code, § 5511.7); if the hearing results in a finding of sexual psychopathy, the court must then commit the individual to a state hospital for a period of observation of not to exceed 90 days and for a report within that period of time (Welf. & Inst. Code, § 5512, first par.). (4) The report of the superintendent may be in one of three forms: (a) that the individual is not a sexual psychopath; (b) that he is a sexual psychopath but will not benefit by care and treatment in a state hospital; or (c) that he is a sexual psychopath and would benefit by such care and treatment. (5) If the report is in form (a), the criminal proceedings are resumed; if the report is in form (b), the criminal proceedings are resumed, but the court has the alternative of imposing a criminal sentence or of instituting proceedings, including a full court hearing, looking toward the commitment of

[3]Now called "a mentally disordered sex offender." (Stats. 1963, ch. 1913.)

the individual to a mental hospital for care and treatment, if the report is in form (c), the court enters an order of commitment to a mental hospital for care and treatment. If requested, such order may be reviewed in a full court hearing. (Welf. & Inst. Code, § 5512.)

For a two-year period, between 1949 and 1951, the Legislature provided for a jury trial, on request, at the stage wherein a commitment for observation was under consideration. (See Stats. 1949, ch. 1325; Stats. 1951, ch. 677.) In 1951, the Legislature provided for a jury trial at the stage when an indeterminate commitment was under consideration (Welf. & Inst. Code, § 5512.5), but (as above noted) repealed the provision for a jury trial at the earlier stage. (Stats. 1951, ch. 677.)

It is clear that the Legislature, while providing that the greatest care is to be taken before the stigma of sexual psychopathy is finally attached to an individual and before he is subjected to an institutional confinement, albeit in a hospital, for a much longer period than that which is imposed on criminal law violators, has required the interposition of a jury only when that ultimate decision is to be reached.

We can see no constitutional objection to the legislative decision to limit the use of a jury to the final stage in the sexual psychopathy proceedings, and then only if commitment to a hospital is contemplated. Such proceedings are civil in nature and of a character unknown at common law. (*Gross* v. *Superior Court* (1954), *supra*, 42 Cal.2d 816, 820.) And, in such civil proceedings, unknown to the common law (as distinguished from ordinary civil and criminal cases), the use of a jury is a matter of legislative grant and not of constitutional right. (*In re Liggett* (1921) 187 Cal. 428, 430 [202 P. 660].)

Further, the present defendant has not been committed under the sexual psychopathy laws; he has been committed as would be any other violator of a criminal statute. In *People* v. *McCracken* (1952), *supra*, 39 Cal.2d 336, the Supreme Court said, at page 346: "It is obvious therefore that the primary purpose of the Legislature was to protect society against the activities of sexual psychopaths [citation], and that it was not intended to make sexual psychopathy a mitigating circumstance." Since the statutory scheme was not designed for the benefit of a criminal defendant, but for the protection of society, a defendant cannot object that

society delegates the decision not to invoke this greater protection to a proceeding without a jury.

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.