43 Cal.Rptr. 869]

[Civ. No. 29246. Second Dist., Div. Four. Apr. 27, 1965.]

CHESTER SMITH, Petitioner, v. THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY, Respondent.

Chester Smith, in pro. per., for Petitioner.

Thomas C. Lynch, Attorney General, Edward M. Belasco, Deputy Attorney General, James W. Powell, District Attorney, and Robert N. Tait, Assistant District Attorney, for Respondent.

FRAMPTON, J. pro tem.*—On March 5, 1965, petitioner, in propria persona, filed a document in this court entitled "Petition for a Writ of Habeas Corpus and a Jury Trial." From this document it appears that petitioner in the respondent court had demanded, and had been refused, a jury trial on the issue of his then sanity. This court treated the document as a petition for a writ of mandate and issued an order to show cause why a peremptory writ should not issue directing the respondent court to conduct a hearing, before a jury, on the issue of petitioner's present sanity.

The petition, and the return filed on behalf of the respondent court by the Attorney General, disclosed the following: On November 16, 1959, petitioner was committed to Atascadero State Hospital under the provisions of section 5100 of the Welfare and Institutions Code, and he has been at all times since then and now is confined therein as a mentally ill person. On January 21, 1965, petitioner filed, in the respondent court, a petition for writ of habeas corpus in which petition he alleged in substance that he had recovered from any and all mental illness and was entitled to his release from the state hospital. Hearing on such petition was held on March 1, 1965, and the transcript of the oral proceedings therein shows that the petitioner at the outset objected to a

*Assigned by the Chairman of the Judicial Council.

hearing by the trial judge sitting without a jury and that he demanded a jury trial on the issue of his then sanity. Petitioner urged that his right to trial by jury on such issue was provided by section 6735 of the Welfare and Institutions Code. The respondent court denied petitioner's demand for a jury trial but did conduct a hearing on the petitioner's present mental condition. At this hearing Dr. Edward A. Posell testified that he was a medical doctor licensed to practice his profession in the State of California and that he specialized in psychiatry. That he was practicing in his specialty at Atascadero State Hospital and was a senior psychiatrist in charge of one section of the hospital. That he had access to, and had examined and reviewed, the official records of the hospital pertaining to the petitioner. Such record was produced and was available in court at the hearing. He testified further that he had interviewed petitioner prior to coming to court. That the official file of the hospital disclosed that petitioner was last ''staffed'' on January 5, 1965, and the official conclusion from such ''staffing'' was that petitioner was still mentally ill with the diagnosis ''schizophrenic reaction, chronic indifferentiated type.'' Dr. Posell testified that he was of the opinion that petitioner was still mentally ill and dangerous to be at large, and was in need of care, treatment and supervision at a state hospital.

At the conclusion of the hearing, and absent any testimony offered by or on behalf of the petitioner to explain, rebut, or contradict that of Doctor Posell or the official records of the hospital, the court denied the petition.

The discharge of a patient who has been duly committed as a mentally ill person, and is confined in a state hospital, is provided under sections 6730 to 6733.[1] Sections 6730 to 6732 authorize the superintendent of a state hospital to discharge as improved, or as unimproved, as the case may be, any patient who is not recovered but whose discharge, in the judgment of the superintendent, will not be detrimental to the public welfare, or injurious to the patient. If the superintendent is unwilling to discharge an unrecovered patient, such patient is entitled to a hearing before a judge of the superior court of the county wherein he is detained on the question of his right to such discharge. The patient is not entitled to a trial by jury in such a hearing. Section 6733 authorizes the superintendent on his own motion to discharge a patient with-

---

[1]All references herein to sections and article numbers are to sections and articles contained in the Welfare and Institutions Code.

4

in the categories of subdivisions (a), (b) and (c), of the section, and makes it mandatory upon him to do so upon order of the Department of Mental Hygiene. These sections relate to procedures for the discharge of a patient as distinguished from procedures relating to a certificate or an adjudication of restoration to sanity, and petitioner herein, by the allegations contained in his petition, seeks an adjudication that he has been restored to sanity.

Section 6734, insofar as here applicable, provides that "If any person who has been duly adjudged to be insane or mentally ill and duly committed to a state hospital under the provisions of any law of this State, *and who is absent from the hospital to which he was committed or transferred under the order of commitment, on parole or leave of absence granted by the medical superintendent thereof, or who has been discharged therefrom by the superintendent as provided by this article* [art. 8, pt. 4, div. 6, §§ 6725-6738], desires to be declared sane and restored to reason, the insane or mentally ill person, or a relative or friend on his behalf, may make application in writing to the medical superintendent for a certificate that the person is sane." (Italics added.) There is also a provision for a medical examination by the superintendent of the applicant, and the superintendent may also require such proof as he reasonably deems necessary to determine whether such person is sane. If the superintendent is satisfied after such examination and proof that the person has recovered his reason and is sane, or was not mentally ill when admitted to the hospital, he shall issue his certificate to the person that such person is sane. If the superintendent shall conclude that the person was not mentally ill when committed, the certificate shall be so worded as not to imply that the person has in fact been mentally ill.

Section 6735 provides that if the superintendent of a state hospital is unwilling or refuses to issue a certificate of recovery upon application as in this article provided (art. 8, pt. 4, div. 6, §§ 6725-6738), he shall so certify in writing, giving his reasons therefor, and the insane or mentally ill person, or a relative or friend in his behalf, if no guardian ad litem has been appointed for such person, may make application by petition duly verified to a judge of the superior court of the county where such insane or mentally ill person resides, for an order adjudging that the person is sane and restored to reason. The section further provides that the hearing shall be conducted in the same manner as civil cases, and on de-

mand of the petitioner the question of the insanity or mental illness of the person shall be tried by a jury as in civil cases.

 Sections 6734 and 6735 grant the right of trial by jury, on the issue of restoration to sanity, only to a person who has been adjudged to be insane and duly committed to a state hospital, and who is absent therefrom on parole or leave of absence granted by the medical superintendent thereof or who has been discharged from the hospital by the superintendent as provided in article 8. This right to a trial by jury is given only under the following conditions: (1) The insane or mentally ill person, or a relative or friend in his behalf, must first make an application in writing to the medical superintendent for a certificate that the person is sane; (2) The unwillingness or refusal to issue such certificate on the part of the medical superintendent; (3) An application by a verified petition to a judge of the superior court of the county of residence of the insane or mentally ill person, for an order adjudging that the person is sane and restored to reason. The question of the insanity or mental illness of the person shall then be tried by a jury, if a demand therefor is made by the petitioner. As heretofore pointed out, the petitioner herein has been at all times since his commitment and now is confined in a state hospital and, therefore, his status does not place him within the category of one entitled to a trial by jury on the issue of his restoration to sanity.

 Welfare and Institutions Code section 6620[2] authorizes the use of the writ of habeas corpus as a means of trying the sanity of anyone in custody as an insane or incompetent person. This section says nothing about a jury trial. Neither is there any right of jury trial conferred by Penal Code sections 1473-1507, which prescribe the procedure in habeas corpus.

 Article I, section 7, of the state Constitution does not guarantee petitioner the right to trial by jury on the issue of the restoration of his sanity. In *Vallejo etc. R.R. Co.*

---

[2]Section 6620, Welfare and Institutions Code: ''Any person in custody as an insane or incompetent person is entitled to a writ of habeas corpus, upon a proper application made by the Department of Mental Hygiene, by such person, or by a relative or friend in his behalf to the judge of the superior court of the county in which the hospital is located. Upon the return of the writ, the fact of his insanity or incompetency shall be inquired into and determined. The medical history of the person as it appears in the clinical records shall be given in evidence, and the superintendent in charge of the state hospital wherein the person is held in custody and any other person who has knowledge of the facts shall be sworn and shall testify relative to the mental condition of the person.''

6

v. *Reed Orchard Co.*, 169 Cal. 545, 556 [147 P. 238], the court pointed out that this constitutional guaranty ''applies only to common law actions and that it does not confer such right with respect to any action as to which it did not previously exist. Accordingly, it has always been held that this guaranty does not secure the right in special proceedings.''

A proceeding to compel the release of a patient in a state hospital is not a common law action, but a special proceeding and in such a case, where the right to a jury has not been conferred by statute, it does not exist. (Cf. *In re Liggett*, 187 Cal. 428, 430 [202 P. 660]; *People* v. *Fuller*, 226 Cal. App.2d 331, 335 [38 Cal.Rptr. 25].)

The record discloses that the requirements of the law with respect to petitioner's right to be heard in connection with the legality of his commitment and detention in a state hospital as a mentally ill person have been met and fully complied with.

The petition is denied.

Files, P. J., and Kingsley, J., concurred.