34 Cal.Rptr.3d 843 (2005)
133 Cal.App.4th 447
The PEOPLE, Plaintiff and Respondent,
v.
Ronald Paul ROWELL, Defendant and Appellant.
No. C045794.
Court of Appeal, Third District.
October 13, 2005.
Laura Schaefer, San Diego, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Senior Assistant Attorney General, Stan Cross and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
SCOTLAND, P.J.
Defendant Ronald Rowell appeals from the trial court's order recommitting him as a sexually violent predator (an SVP). (Welf. & Inst.Code, § 6600 et seq., further section references are to this code unless otherwise specified.) We shall affirm the order.
*845 In the published portion of this opinion, we reject defendant's contention that the trial court erred in accepting defense counsel's representation that defendant wanted a court trial, not a jury trial. As we shall explain, the court was not required, as defendant claims, to confirm defense counsel's representation by obtaining a personal waiver from defendant. A proceeding to commit an SVP to the Department of Mental Health for confinement is a civil proceeding with a statutory right, not constitutional right, to jury trial. Under the statutory scheme, a jury trial is waived by the failure to request one. If the accused asks for a jury trial, the request can be withdrawn by defense counsel's representation to the court that the accused has decided to proceed instead by court trial.
In an unpublished part of this opinion, we reject defendant's other claim of error.

FACTS[**]

DISCUSSION

I
The Sixth Amendment of the United States Constitution states in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury. . . ." By its express terms, the right to a jury trial extends only to criminal prosecutions.
Article I, section 16 of the California Constitution states: "Trial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel. In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute."
Thus, the right to a jury trial is afforded to both criminal and civil litigants under the California Constitution. However, a criminal defendant's right to a jury trial may be waived only by his or her express consent in open court, whereas a civil litigant's right may be waived in the manner prescribed by statute.
An SVP commitment proceeding is not a criminal cause; it is civil in nature. (Hubbart v. Superior Court (1999) 19 Cal.4th 1138, 1171-1172, 81 Cal.Rptr.2d 492, 969 P.2d 584.) Thus, the state and federal constitutional protection of the right to a jury trial afforded to criminal defendants is inapplicable. Furthermore, an SVP proceeding, like other civil commitment proceedings, is a special proceeding, not a civil action (People v. Superior Court (Cheek) (2001) 94 Cal.App.4th 980, 988, 114 Cal.Rptr.2d 760 (hereafter Cheek); Leake v. Superior Court (2001) 87 Cal.App.4th 675, 679-680, 104 Cal.Rptr.2d 767), which means there is no constitutional right to a jury trial. (People v. Fuller (1964) 226 Cal.App.2d 331, 335, 38 Cal.Rptr. 25.)
"[A]n SVPA commitment proceeding is a special proceeding of a civil nature, because it is neither an action at law nor a suit in equity, but instead is a civil commitment proceeding commenced by petition independently of a pending action." (Cheek, supra, 94 Cal.App.4th at p. 988, 114 Cal.Rptr.2d 760.) Civil commitment proceedings "are civil in nature and of a character unknown at common law. [Citation.]" (People v. Fuller, supra, 226 Cal.App.2d at p. 335, 38 Cal.Rptr. 25.) "And, in such civil proceedings, unknown to the common law (as distinguished from ordinary civil and criminal cases), the use of a jury is a matter of legislative grant and *846 not of constitutional right. [Citation.]" (Ibid.; see also In re De La O (1963) 59 Cal.2d 128, 150, 28 Cal.Rptr. 489, 378 P.2d 793 [narcotics addict commitment proceedings "are in the nature of special civil proceedings unknown to the common law, and hence there is no right to jury trial unless it is given by the statute"]; People v. Berry (1968) 257 Cal.App.2d 731, 736, 65 Cal.Rptr. 125 [proceedings under MDSO statute]; Smith v. Superior Court (1965) 234 Cal.App.2d 1, 5-6, 43 Cal.Rptr. 869 [proceedings to determine restoration to sanity].)
In other words, contrary to defendant's claims, the right to a jury in SVPA proceedings is of statutory origin and character, rather than constitutional.
The statute governing the right to a jury trial in SVP cases is section 6603, which states in pertinent part: "(a) A person subject to this article shall be entitled to a trial by jury.... [¶] (b) The attorney petitioning for commitment under this article shall have the right to demand that the trial be before a jury. [¶] . . . [¶] (e) If the person subject to this article or the petitioning attorney does not demand a jury trial, the trial shall be before the court without a jury."
Under section 6603, a defendant's right to a jury trial in an SVP proceeding is waived by the simple failure to demand one. There is no requirement that the statutory right to a jury trial be personally waived.
In this case, defendant initially demanded a jury trial through his attorney, but thereafter defense counsel filed a written declaration under penalty of perjury stating he had spoken with defendant and defendant no longer wanted a jury trial. In civil proceedings, a jury may be waived "[b]y written consent filed with the clerk or judge" (Code Civ. Proc., § 631, subd. (d)(2)), and "where a jury trial right is merely statutory . . . the right may be waived by counsel." (People v. Montoya (2001) 86 Cal.App.4th 825, 829, 103 Cal.Rptr.2d 579 [counsel may waive the defendant's statutory right to a jury trial in a mentally disordered offender proceeding]; see also, People v. Vera (1997) 15 Cal.4th 269, 273, 279, 62 Cal.Rptr.2d 754, 934 P.2d 1279 [statutory jury trial right regarding truth of prior alleged convictions may be waived by counsel]; People v. Masterson (1994) 8 Cal.4th 965, 972, 35 Cal.Rptr.2d 679, 884 P.2d 136 [counsel may waive a client's statutory right to a jury trial in a competency proceeding even over the client's objection]; Conservatorship of Mary K. (1991) 234 Cal.App.3d 265, 271, 285 Cal.Rptr. 618 [counsel may waive a client's statutory jury right in a conservatorship proceeding].)
Defendant does not contend that defense counsel's declaration that defendant wished to waive a jury trial was false, or that counsel was without actual authority to waive a jury. Thus, the record supports the conclusion that the right to a jury trial on the SVP petition was validly waived. (Conservatorship of Mary K., supra, 234 Cal.App.3d at p. 271, 285 Cal.Rptr. 618.)
Defendant disagrees, relying on a number of older cases concerning the rights afforded to defendants in civil commitment proceedings. (See, e.g., People v. Feagley (1975) 14 Cal.3d 338, 356-358, 121 Cal.Rptr. 509, 535 P.2d 373 [defendant in MDSO proceeding has right to a unanimous jury verdict]; People v. Burnick (1975) 14 Cal.3d 306, 310, 121 Cal.Rptr. 488, 535 P.2d 352 [reasonable doubt standard of proof applies in MDSO proceedings]; In re Gary W. (1971) 5 Cal.3d 296, 306-308, 96 Cal.Rptr. 1, 486 P.2d 1201 [ward has the right to a jury trial in a proceeding to extend Youth Authority commitment]; People v. Alvas (1990) 221 *847 Cal.App.3d 1459, 1463-1464, 271 Cal.Rptr. 131 [defendant must be advised of fundamental right to a jury trial in commitments under the Mentally Retarded Persons Law]; People v. Colvin (1981) 114 Cal.App.3d 614, 623-624, 171 Cal.Rptr. 32 [defendant must be advised of right to jury trial in MDSO proceedings]; People v. Malins (1972) 24 Cal.App.3d 812, 818-820, 101 Cal.Rptr. 270 [where jury trial has been demanded in proceedings to commit defendant as a narcotics addict, right is not waived by failure to appear].)
He contends these cases hold that the interests involved in civil commitment proceedings are no less fundamental than those in criminal proceedings, and that the defendant in a commitment proceeding "`is entitled to the full panoply of the relevant protections which due process guarantees in state criminal proceedings.'" (People v. Burnick, supra, 14 Cal.3d at pp. 317-318, 121 Cal.Rptr. 488, 535 P.2d 352, italics omitted.) Thus, according to defendant, a personal waiver of his right to a jury trial was required. We disagree.
"[I]n recent years, courts have reevaluated the nature of civil commitment proceedings and the application of criminal procedural safeguards in those proceedings. This reevaluation has led to the conclusion that defendants in civil commitment proceedings, generally, are not constitutionally entitled to the procedural safeguards afforded to defendants in criminal trials." (People v. Beeson (2002) 99 Cal.App.4th 1393, 1405, 122 Cal.Rptr.2d 384; see, e.g., Hubbart v. Superior Court, supra, 19 Cal.4th 1138, 81 Cal.Rptr.2d 492, 969 P.2d 584; Kansas v. Hendricks (1997) 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501; Allen v. Illinois (1986) 478 U.S. 364, 372, 106 S.Ct. 2988, 2993-94, 92 L.Ed.2d 296, 306.)
In Allen v. Illinois, supra, 478 U.S. 364, 106 S.Ct. 2988, 92 L.Ed.2d 296, the United States Supreme Court expressly rejected the notion that civil commitment proceedings "requir[e] the full panoply of rights applicable" in criminal cases. (Id. at p. 372, 106 S.Ct. at pp. 2993-94, 92 L.Ed.2d at p. 306.) And both the United States and California Supreme Courts have made clear that all of the protections of a criminal case do not apply to civil commitment proceedings for sexual offenders as long as the purpose and effect of the proceeding is not punitive. (Hubbart v. Superior Court, supra, 19 Cal.4th at pp. 1170-1179, 81 Cal.Rptr.2d 492, 969 P.2d 584; Kansas v. Hendricks, supra, 521 U.S. at pp. 368-371, 117 S.Ct. at 2086, 138 L.Ed.2d at pp. 519-521.)
Hence, the fact that the interests involved in involuntary commitment proceedings are fundamental enough to require a jury trial does not lead ineluctably to the conclusion that the waiver of a jury trial in such proceedings must be personal as in criminal prosecutions. The fundamental right to a jury has been protected by section 6603, which grants the defendant the right to a jury trial upon demand. But the SVP commitment proceeding is a civil proceeding, not a criminal one, and the full panoply of rights applicable in criminal cases do not apply. (Allen v. Illinois, supra, 478 U.S. at p. 372, 106 S.Ct. at pp. 2993-94, 92 L.Ed.2d at p. 306 [state's "decision . . . to provide some of the safeguards applicable in criminal trials cannot itself turn these proceedings into criminal prosecutions requiring the full panoply of rights applicable there"].)
Accordingly, a defendant's personal waiver of a jury trial in an SVP proceeding is not required, and the trial court properly accepted defense counsel's declaration that defendant wanted a court trial.
In any event, it is not reasonably probable that a different result would have occurred *848 if the trial court had asked defendant whether he was, in fact, waiving the right to a jury trial. (See People v. Epps (2001) 25 Cal.4th 19, 29, 104 Cal.Rptr.2d 572, 18 P.3d 2.) Defense counsel declared under oath that defendant waived his right to a jury trial; defendant did not challenge his counsel's declaration; and the People presented overwhelming evidence that defendant was an SVP.

II[***]

DISPOSITION
The judgment is affirmed.
We concur: DAVIS and MORRISON, JJ.
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Facts and Part II.
[**] See footnote *, ante.
[***] See footnote *, ante.