Filed 1/28/21  P. v. Taylor CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EUGENE TAYLOR,<br><br>    Defendant and Appellant. | 2d Crim. No. B303044<br>(Super. Ct. No. ZM016857)<br>(Los Angeles County) |

Eugene Taylor appeals an order recommitting him for an indeterminate term to the California State Department of State Hospitals as a sexually violent predator (SVP).  (Welf. & Inst. Code, § 6600 et seq.)[1]

Following proceedings pursuant to the SVP law, the trial court found that Taylor was an SVP and recommitted him for treatment.  Taylor now raises two procedural challenges to those proceedings.  First, he contends that the trial court erred by not

_____

[1] All statutory references are to the Welfare and Institutions Code unless stated otherwise.

advising him sua sponte of his right to a jury trial and obtaining a personal waiver of that right.  Second, he contends that the court erred by denying his *Marsden* motion for substitute or conflict counsel.  (*People v. Marsden* (1970) 2 Cal.3d 118.)  We reject these contentions and affirm.

FACTUAL AND PROCEDURAL HISTORY[2]

In 1986, Taylor was convicted of numerous felony sexual offenses against a child under 14 years old, and was sentenced to 28 years 8 months in prison.  Following a 2008 jury trial, Taylor was found to be an SVP and ordered to a two-year commitment.  In 2010, the prosecutor sought to recommit Taylor as an SVP for an indeterminate term.  In 2013, the trial court found there was probable cause that Taylor continued to meet the SVP criteria.  In 2019, the present proceedings commenced.

At a lengthy court trial, the prosecutor presented documentary evidence and victim testimony regarding Taylor's prior sexual offense convictions involving many victims.  (Pen. Code, § 288, subds. (a) & (b).)  Two doctors testified and opined that based upon their frequent evaluations of Taylor, he suffers from pedophilic disorder, nonexclusive type, and a grandiose-type delusional disorder.  Taylor also informed the doctors that he presently sees himself as a spiritual healer who teaches sex to children.  Based upon this evidence, the court determined that Taylor satisfied the criteria of the SVP law beyond a reasonable doubt, and ordered his commitment for an indeterminate term.  (§ 6600, subd. (a)(1) [definition of SVP].)

---

[2] We present an abbreviated version of the extensive evidence received at trial given the limited nature of Taylor's appellate procedural claims.

Taylor appeals the recommitment order and contends that: 1) section 6603 violates principles of due process of law and equal protection by presuming a waiver of jury trial unless expressly requested by the defendant or petitioning attorney, and 2) the trial court abused its discretion by denying his *Marsden* motion.

*DISCUSSION*

*I.*

Taylor argues that section 6603, subdivision (f), requiring a defendant or the petitioning attorney to demand a jury trial, violates his federal and state due process rights to a judicial advisement and personal waiver of his right to a jury trial. He relies upon *People v. Blackburn* (2015) 61 Cal.4th 1113 (*Blackburn*), *People v. Tran* (2015) 61 Cal.4th 1160 (*Tran*), and *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee*). Taylor asks that we "read into 'the statute' " a requirement of advisement and personal waiver. He asserts that the trial court's failure to provide an advisement and accept a personal waiver requires per se reversal. (*Tran*, at p. 1169.)

Taylor also contends that section 6603 violates equal protection of the law because the Mentally Disordered Act (MDO) and the statutory scheme for extending involuntary commitment for persons who have pleaded not guilty by reason of insanity (NGI) expressly provide for judicial advisement and personal waiver of the right to jury trial.

Prior to trial, Taylor waived his right to appear at trial in writing and orally in court. At the next court date, the trial court inquired whether either party was requesting a jury trial. Taylor was not present; his counsel and the prosecutor replied no. The court then stated the matter would proceed as a court trial which it did.

3

In SVP proceedings, the defendant "is entitled to a trial by jury." (§ 6603, subd. (a).) The attorney "petitioning for commitment" also "has the right to demand that the trial be before a jury." (*Id.*, subd. (b).) If an SVP defendant or a petitioning attorney "does not demand a jury trial, the trial shall be before the court without a jury." (*Id.*, subd. (f).) The SVP law does not expressly require the trial court to advise or obtain from the defendant a personal waiver of the right to a jury trial.

The right to a jury trial in an SVP proceeding is a statutory right, not a constitutional one. (*People v. Rowell* (2005) 133 Cal.App.4th 447, 452 (*Rowell*).) SVP proceedings are special proceedings that are civil in nature and unknown to the common law. (*Id.* at pp. 451-452.) Thus, because an SVP defendant's right to a jury trial is based only on statute, judicial advisement and personal waiver of the right to a jury trial are not constitutionally required in SVP proceedings. (*Id.* at p. 452 ["Under section 6603, a defendant's right to a jury trial in an SVP proceeding is waived by the simple failure to demand one. There is no requirements that the statutory right to a jury trial be personally waived"].) "The requirement of an express waiver applies to the constitutional right to a jury trial, but not to jury trial rights that are established only by statute." (*People v. French* (2008) 43 Cal.4th 36, 46.)

Since 2005, the Legislature has amended the SVP law in several respects, but has not required the trial court to advise the defendant of the right to a jury trial and require a personal waiver. We presume that the Legislature was cognizant of the *Rowell* decision and implicitly approved it. (*People v. Garcia* (2006) 39 Cal.4th 1070, 1087-1088.)

4

*Blackburn* and *Tran* do not require a different result here. *Blackburn* interpreted Penal Code section 2972, subdivision (a) and MDO recommitment proceedings. That section expressly requires the trial court to advise the defendant of the right to a jury trial. Subdivision (a)(2) provides that "[t]he trial shall be by jury unless waived by both the [defendant] and the district attorney." (*Blackburn*, *supra*, 61 Cal.4th 1113, 1116.)

*Tran* interpreted Penal Code section 1026.5 and proceedings extending the involuntary commitment of a NGI person. That section expressly requires the trial court to inform a defendant personally of the jury trial right and obtain a personal waiver before conducting a court trial. (*Id.,* subd. (b)(3), (4); *Tran*, *supra*, 61 Cal.4th 1160, 1163.) Thus, the requirement of an advisement and waiver of the right to a jury trial established in *Blackburn* and *Tran* derives not from constitutional principles, but from the express language of the pertinent Penal Code statutes.

*McKee*, *supra*, 47 Cal.4th 1172, does not assist Taylor. That decision concerned the appointment of a mental health expert in an SVP proceeding. Our Supreme Court did not reach the due process challenge to the statute, but instead decided the issue through statutory interpretation. (*Id.* at p. 1192.)

Taylor asserts that the four-factor balancing test of *People v. Otto* (2001) 26 Cal.4th 200, 210, requires a judicial advisement preceding a personal waiver of the right to a jury trial. The four factors include the private interest affected by the official action; risk of erroneous deprivation of such interest and the value of additional or substitute safeguards; the government's interest including fiscal or administrative burdens involved; and the dignitary interest in informing individuals of the nature,

grounds, and consequences of the action. Only the first factor weighs in favor of adding the advisement and personal waiver procedures as they affect an SVP's liberty and freedom. The remaining factors do not weigh in favor of adding the requested procedures.

Taylor has also forfeited his equal protection challenge by not raising it in the trial court. (*People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14.) Failure to raise the argument below deprived the respondent of an opportunity to set forth reasons and produce evidence justifying different treatment in MDO and NGI proceedings as contrasted to SVP proceedings. We decline to exercise our discretion to address this issue because it is not a pure question of law.

Moreover, it is likely Taylor's counsel made a reasonable tactical decision that the trial judge would better dispassionately evaluate the evidence and apply the law than a jury. Taylor has not established that his attorney was ineffective for not requiring an advisement and personal waiver.

## II.

Taylor argues that the trial court abused its discretion by denying his *Marsden* motion, asserting that he had an irreconcilable conflict with counsel resulting in inadequate representation. In particular, he contends that the court erred by not appointing conflict counsel to prepare a dismissal motion based upon unreasonable delay (nine years post-petition) in holding the SVP proceeding. (*In re Butler* (2020) 55 Cal.App.5th 614 [13-year delay in SVP proceedings violates sexual offender's due process rights]; *People v. Superior Court (Vasquez)* (2018) 27 Cal.App.5th 36 [trial court dismissed SVP proceeding where 17-

6

year delay between filing petition and trial regarding a two-year commitment].)

On January 28, 2019, Taylor read a form statement in court listing many general complaints against the public defender's office. Among the complaints were unjustified delays, failure to fully communicate with clients, failure to timely secure expert witnesses, concealing misconduct and material facts from clients, and failure to encourage clients to file motions pursuant to *People v. Litmon* (2008) 162 Cal.App.4th 383 [SVP petition dismissed on grounds of excessive delay], among other asserted shortcomings. Taylor requested that the court appoint different counsel to assist him in his *Marsden* motion, or else dismiss the proceedings: "I request that counsel be appointed to assist me in obtaining and producing the records which will be offered as evidence in support of my Marsden Motion . . . ."

In response, the trial court set a date for a *Marsden* motion. Taylor replied that he preferred that the court allow him to return to Indiana.

On March 4, 2019, the trial court held a *Marsden* hearing. Taylor provided the court with a written copy of his general grievances against counsel and the public defender's office. The trial judge commented that he had seen the list of grievances before because it had been circulated among patients at the state hospital and may have been drafted by a patient. Taylor's counsel informed the trial court that he was unaware of Taylor's demand for trial but that he would set a trial date after speaking to the prosecutor. Counsel also stated that he already had engaged a favorable expert witness. Taylor declined to add to his previous statement. The court then denied Taylor's *Marsden*

7

motion.  Counsel requested that the court then set a trial date which it did.  Trial occurred in October 2019, seven months later.

The decision whether to grant a motion for substitution of counsel rests within the trial court's discretion.  (*People v. Myles* (2012) 53 Cal.4th 1181, 1207.)  The court does not abuse its discretion by denying a *Marsden* motion unless defendant has established that a failure to replace counsel would substantially impair his right to the assistance of counsel.  (*Ibid.*)  Substantial impairment of the right to counsel can occur when appointed counsel is providing inadequate representation or when defendant and his attorney have become embroiled in irreconcilable conflict such that ineffective representation is likely to ensue.  (*Ibid.*)  *Marsden* hearings also apply in SVP proceedings pursuant to the defendant's statutory and due process rights to effective assistance of counsel.  (*People v. Hill* (2013) 219 Cal.App.4th 646, 652.)

The trial court properly denied Taylor's *Marsden* motion without first appointing conflict counsel.  Taylor did not request a substitute attorney; he merely requested a conflict counsel to gather records and assist him in providing evidence at a later *Marsden* hearing.  Taylor also stated that he did not want to proceed to trial; he requested a dismissal, and asked to be sent to Indiana.  His written list of general complaints stated that he has experienced most of the grievances listed but he did not state any specific complaints, allegations of misrepresentation against his current counsel, or specific claims of unreasonable delay.  Taylor also did not describe any irreconcilable conflict with counsel to the court.  (*People v. Myles*, *supra*, 53 Cal.4th 1181, 1207 [defendant's claimed lack of trust or inability to get along with appointed counsel does not compel appointment of substitute

8

counsel].)  Taylor experienced only one change of counsel over the years and agreed to some continuances of the proceedings. Taylor did not claim that he had asked his current counsel to file a *Litmon* motion based upon unreasonable delay.  He also did not specifically request the court to appoint conflict counsel for that reason; complaints of delay by the public defender were included in the form list of grievances presented to the court.  The trial court did not abuse its discretion by denying the *Marsden* motion and not appointing conflict counsel.

*DISPOSITION*

The recommitment order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

9

Marcelita V. Haynes, Judge

Superior Court County of Los Angeles

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and William N. Frank, Deputy Attorneys General, for Plaintiff and Respondent.