Filed 5/21/25  P. v. Walsh CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C101227 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20F2823 & 23MH6298) |
| v. | |
| ABRAM ALEXANDER WALSH, | |
| Defendant and Appellant. | |

Defendant Abram Alexander Walsh appeals from a commitment order in a proceeding under the Sexually Violent Predator Act (SVPA) (Welf. and Inst. Code, § 6600 et seq.).[1]  Defendant challenges the commitment order, arguing that the lack of a personal advisement and waiver of his right to a jury trial violated his constitutional rights to due process and equal protection.  As detailed below, we reject defendant's due

_____

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

process claim, conditionally affirm the commitment order, and remand for the parties to litigate the equal protection claim in the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2020, defendant pled no contest to committing a lewd or lascivious act on a child (Pen. Code, § 288, subd. (a)), possession of child pornography (§ 311.11, subd. (b)), and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). The court sentenced defendant to five years in prison.

In 2023, prior to defendant's release, the People petitioned for defendant to be committed as a sexually violent predator (SVP). Following an off-the-record discussion with counsel at a pre-trial hearing, the trial court stated, in defendant's presence, that "[j]ury has been waived." A bench trial was held, and the court determined defendant to be an SVP. The court ordered defendant committed to the Department of State Hospitals for an indeterminate term.

Defendant timely appeals.

## DISCUSSION

In an SVP proceeding, a defendant "is entitled to a trial by jury." (§ 6603, subd. (a).) If the defendant or the petitioning attorney "does not demand a jury trial, the trial shall be before the court without a jury." (§ 6603, subd. (f).) Defendant effectively acknowledges that the SVP statutory scheme does not require a trial court to advise a defendant of his right to a jury trial or obtain a personal waiver of that right. Nonetheless, defendant argues that the court's failure to do so here violated his constitutional rights in two respects. First, he contends that due process "mandates a jury trial waiver for SVP defendants that [includes] the same protections afforded criminal defendants." Second, he claims that the SVP statutory scheme denies him equal

2

protection under the law because the statutes governing other civil commitment proceedings provide for a jury trial by default and a personal jury trial waiver.

*Due Process*

The People argue that defendant has forfeited his due process claim by not raising it below. Defendant submits that claims implicating fundamental constitutional rights cannot be forfeited and that we may consider his claim for the first time of appeal because it concerns a "pure issue of law." We need not decide whether this claim is forfeited because it fails on the merits.

In *People v. Rowell* (2005) 133 Cal.App.4th 447, the defendant argued that the interests implicated by SVP civil commitment proceedings "are no less fundamental than those in criminal proceedings, and that the defendant in [such] a commitment proceeding ' "is entitled to the full panoply of the relevant protections which due process guarantees in state criminal proceedings." ' " (*Id*. at p. 453.) Because of this, the defendant claimed, "a personal waiver of his right to a jury trial was required." (*Ibid*.) Another panel of this court disagreed, explaining that "the fact that the interests involved in involuntary commitment proceedings are fundamental enough to require a jury trial does not lead ineluctably to the conclusion that the waiver of a jury trial in such proceedings must be personal as in criminal prosecutions. The fundamental right to a jury has been protected by section 6603, which grants the defendant the right to a jury trial upon demand. But the SVP commitment proceeding is a civil proceeding, not a criminal one, and the full panoply of rights applicable in criminal cases do not apply. [Citation.] [¶] Accordingly, a defendant's personal waiver of a jury trial in an SVP proceeding is not required." (*Rowell,* at p. 454.) Other courts to have considered this issue have reached the same conclusion. (See *People v. Washington* (2021) 72 Cal.App.5th 453, 471 (*Washington*) [applying four-factor test to conclude that in SVP commitment proceeding "the lack of an advisement of Washington's right to a jury trial and an express personal waiver of that

right did not violate Washington's due process rights"]; *People v. Magana* (2022) 76 Cal.App.5th 310, 319 (*Magana*).)

Defendant acknowledges these precedents but argues their "reasoning was flawed." We disagree and adhere to the decisions holding that due process does not require a jury trial advisement or the personal waiver of a jury trial in SVP proceedings.

*Equal Protection*

The People also argue that defendant's equal protection claim is forfeited. In *Washington*, *supra*, 72 Cal.App.5th 453, the court declined to find the defendant's equal protection claim forfeited even though the defendant had failed to assert it in the trial court. There, as here, the equal protection claim was premised on the differential treatment of SVPs relative to other civil committees with respect to jury waiver procedures. (*Id*. at pp. 471-473.) The court explained that, given the nature of the claim, it would have been impractical for defendant to have raised it in the trial court: "Although Washington's attorney failed to argue that Washington was entitled to a jury trial absent a personal waiver by Washington after a jury trial advisement, it is hard to envision how counsel could have asserted this claim. . . . The only way Washington could have asserted an equal protection challenge in the trial court would have been for his attorney to request the trial court advise Washington of his right to a jury trial and take a personal waiver of that right. Then, if the court declined to do so based on the absence of a requirement in the SVPA, Washington's attorney could have argued not doing so would violate equal protection principles. But presumably, Washington's attorney believed Washington wanted to proceed with a court trial (which may or may not have been the case), and thus, counsel would have been unlikely to demand the court advise Washington of his jury trial right and take a personal waiver." (*Id*. at pp. 473-474.)

Other courts have applied *Washington*'s reasoning when declining to find forfeiture of the same equal protection challenge raised in the present case. (See

4

*Magana*, *supra*, 76 Cal.App.5th at p. 321 ["To raise an equal protection challenge in the trial court, Magana's attorney would have needed to demand a full advisement of Magana's jury trial rights, then asserted an equal protection challenge if the court declined to provide it"]; *People v. Cannon* (2022) 85 Cal.App.5th 786, 795, review granted Feb. 15, 2023, S277995 ["Similarly to the *Washington* court, we presume defense counsel reasonably believed defendant wished to waive his right to a jury trial and, as such, reasonably believed it was unnecessary to demand that the trial court advise him of his jury trial rights before raising an equal protection claim. [Citations.] Under these circumstances, the forfeiture doctrine should not apply"].)

We adopt the same approach and conclude that, in these unique circumstances, defendant has not forfeited his equal protection claim. The parties agree that, that if the claim is not forfeited, we should remand for litigation of the equal protection claim. We agree that remand is appropriate. (See *Washington*, *supra*, 72 Cal.App.5th at p. 475 [conditionally affirming order declaring defendant to be an SVP and remanding for the parties to develop a record on the equal protection claim]; *Magana*, *supra*, 76 Cal.App.5th at p. 315 [same]; *People v. Cannon*, *supra*, 85 Cal.App.5th at p. 801 [same]; *People v. Morrison* (2025) 110 Cal. App.5th 702, 713 [same].) It bears mention that our Supreme Court, having granted review in *Cannon*, is currently poised to decide what level of scrutiny applies in determining whether the SVPA violates equal protection because it does not require an advisement or personal waiver of a jury trial as afforded in other civil commitment statutes.

### DISPOSITION

The order declaring defendant to be an SVP and committing him to the Department of State Hospitals for an indeterminate term is conditionally affirmed. We remand for defendant to have an opportunity to raise an equal protection challenge to the SVPA's jury trial provisions. If the trial court determines there is an equal protection violation, the court shall vacate the order declaring defendant to be an SVP and set the

5

matter for a jury trial, unless defendant provides a knowing and intelligent waiver of his right to a jury trial after being personally advised of that right.


           /s/
           MESIWALA, J.


We concur:


 /s/
ROBIE, Acting P. J.


 /s/
RENNER, J.